UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-451-DMG (PDx) | Date | August 22, 2024 |
|---|---|---|---|
| Title | *Jaden Turner v. John David Matthews, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

On September 15, 2023, Plaintiff Jaden Turner filed this lawsuit in the Los Angeles County Superior Court against Defendant John David Matthews, alleging a single claim of negligence relating to a traffic collision. [Doc. # 1-1.] On January 17, 2024, Defendant filed a Notice of Removal to this Court on the basis of diversity jurisdiction. *See generally* Ntc. of Removal [Doc. # 1]; 18 U.S.C. §§ 1332, 1441(a).

Turner now moves to remand ("MTR") this action back to the Los Angeles County Superior Court. [Doc. # 11 ("MTR").] The MTR is fully briefed. [Doc. ## 13 ("Opp."), 14 ("Reply").] Having duly considered the parties' written submissions, Turner's MTR is **DENIED**.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On October 19, 2023, Turner served Matthews's counsel with the Summons and Complaint in this action by emailing a Zip file containing the case documents and a Notice of Acknowledgment and Receipt (the "Acknowledgment") for his counsel to sign. *See* MTR, Ex. C [Doc. # 11-3]. On October 20, 2023, Defense counsel's assistant downloaded the documents of the Zip file. Opp at 5; Decl. of Marie Victor ISO Opp. ¶¶ 4–5 [Doc # 13-4].[1]

On October 23, 2023, Defense counsel responded to Turner, informing counsel that she accessed the documents and would sign and return the Acknowledgment. *See* MTD, Ex. D at 2 [Doc. # 11-4]. On November 8, 2023, Defendant sent the Acknowledgment of Receipt, signed by counsel Marnie Lambert. *Id.*, Ex. F at 2 [Doc. # 11-6]. The Acknowledgment includes a statement that the Statement of Damages was included in the packet. *Id.*

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-451-DMG (PDx) | Date | August 22, 2024 |
| Title | *Jaden Turner v. John David Matthews, et al.* | Page | 2 of 4 |

There is a factual dispute between the parties as to whether the Statement of Damages was included in the packet, and thus whether Matthews was on notice of Turner's intended damages. *See* Opp. at 6. Matthews claims he first learned of the amount-in-controversy when Turner's counsel sent a letter on December 18, 2023, offering a stipulated judgment of $7,500,000.00. *See* Opp at 6.

In this MTR, Turner claims that removal was untimely and that Matthews has not established diversity of citizenship. *See* MTR at 5, 6.

## II.
## LEGAL STANDARD

Under 28 U.S.C. section 1441(a), a civil action may be removed to the district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. section 1332, original jurisdiction is found where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citation omitted).

As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction" with a preponderance of evidence. *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Gaus*, 980 F.2d at 566–67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" the amount in controversy is greater than $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-451-DMG (PDx) | Date | August 22, 2024 |
| Title | *Jaden Turner v. John David Matthews, et al.* | Page | 3 of 4 |

## III.
## DISCUSSION

### A.  Timeliness of Removal

Turner argues that the case should be remanded because Matthews filed his Notice of Removal on January 17, 2024, more than 30 days after he was originally served on October 19, 2023. *See* MTR at 5; 28 U.S.C. 1446(b) (notice of removal must be filed within 30 days of defendant's receipt of the initial pleading or notice that "the case is one which is or has become removable"). For his part, Matthews submits significant evidence that Turner's original service zip file erroneously omitted the Statement of Damages, thus contending it did not trigger the 30-day removal period. *See* Opp. at 7; Decl. of Marnie C. Lambert ISO MTR Opp. ¶¶ 4–11 [Doc. # 13-1 ("Lambert Decl.")].

Under Ninth Circuit law, Section 1446(b)'s time limit is mandatory, such that "a timely objection to a late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (citing *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)). Section 1446(b) sets forth two 30-day removal periods: the first "is triggered if the case stated by the initial pleading is removable on its face[,]" and the second "if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* at 1139 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)); 28 U.S.C. § 1446(b).

In other words, defendants are officially on notice of removability for the purposes of Section 1446 once they "receive[] a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 696.

Here, there is nothing in Turner's original complaint that would put Defendants on notice to determine the amount in controversy exceeds $75,000. *See generally* Compl. [Doc. # 1-1]. While the Complaint stated Turner's intention to seek damages for medical care, there are no allegations that describe the nature or extent of Plaintiff's injuries. *See* Compl. ¶ 19. The Court concludes that it was not facially apparent on the face of Turner's Complaint that the amount-in-controversy exceeded the jurisdictional minimum, and thus the first 30-day removal period was not triggered. *Cf. Harris*, 425 F.3d at 696; *see also Gaus*, 980 F.2d at 566–67.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-451-DMG (PDx) | Date | August 22, 2024 |
| Title | *Jaden Turner v. John David Matthews, et al.* | Page | 4 of 4 |

Turner does not contest that he erroneously omitted the Statement of Damages, but instead argues that Matthews' evidence is insufficient. *See* Reply at 3–4. While ambiguity must be construed in favor of remand, there is no such ambiguity here. *See id.* (citing *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)). Matthews's evidence proves by a preponderance of the evidence that he was not on notice of Turner's intended damages until the second removal period was triggered on December 18, 2023. *See* Lambert Decl. ¶ 10; Decl. of Evan Khoshnou ISO MTR ¶ 9 [Doc. # 11]; *Guglielmino*, 506 F.3d at 698 (removability must be proven by preponderance of evidence). Accordingly, the Notice of Removal was timely, since it was filed within 30 days of December 18, 2023.

**B.      Diversity of Citizenship**

Turner also proffers an anemic argument that Matthews has not met his burden to establish diversity of citizenship. *See* MTR at 8–9.

Section 1332 requires "complete diversity between the parties," such that "each defendant must be a citizen of a different state from each plaintiff." *See Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Without any evidence to the contrary, an individual person's citizenship is considered to be the place where he lives and intends to remain. *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 886 (S.D. Cal. 2021) (citing *Adams v. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020)).

Turner's argument is meritless. Matthews's original Notice of Removal alleges that he is a citizen of Nevada, and Turner is a citizen of California. *See* Ntc. of Removal ¶ 5. He provides abundant evidence of his Nevada citizenship in his Opposition, and Turner offers no evidence to the contrary. *See* Decl. of John David Matthews ISO MTR Opp. ¶¶ 2 – 7, Exs. A–D [Doc. ## 13-8, 13-9, 13-10, 13-11, 13-12]; *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (courts use evidence such as "current residence, voting registration and voting practices, location of personal and real property . . . [and] driver's license" to determine an individual's domicile).

**IV.
CONCLUSION**

For the reasons set forth above, the Court **DENIES** Turner's Motion to Remand.

**IT IS SO ORDERED**.